UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PENNSYLVANIA DEPARTMENT OF CORRECTIONS
INMATE CONFINEMENT LITIGATION                                   MDL No. 3085

ORDER DENYING TRANSFER

**Before the Panel**: Defendants, officials and staff of the Pennsylvania Department of Corrections (PADOC),[1] move under 28 U.S.C. § 1407 to centralize this litigation in the Middle District of Pennsylvania. The litigation consists of two actions, pending in the Middle and Eastern Districts of Pennsylvania. Common plaintiff Brandon Moody, who is proceeding *pro se*, opposes centralization.

On the basis of the papers filed,[2] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. We often have stated that, where a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization. *See, e.g., In re Transocean Ltd. Secs. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have not met that burden here. While these two actions appear to present substantial factual overlap as to plaintiff's alleged disabilities and the conditions of his confinement at various Pennsylvania correctional facilities, the factual issues seem straightforward and discovery is not likely to be particularly time-consuming or complex; indeed, much of the necessary discovery already has been completed in the earlier-filed M.D. Pennsylvania action.

Moreover, we repeatedly have emphasized that Section 1407 transfer should be the last solution after considered review of all other options, including transfer under 28 U.S.C. § 1404, dismissal or stay under the first-to-file rule, agreement by plaintiffs to dismiss their actions and proceed in a single district, and cooperation and coordination among the involved parties and courts. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012). Defendants offer no explanation as to why they have not attempted to

---

[1] Tabb Bickell, B. Boone, K. Carberry, Christopher Collins, Tammy Ferguson, Richard Gross, Laurel Harry, J. Horner, Shawn Kephart, Robin Lewis, George Little, Jaime Luquis, Robert Marsh, D. Misiti, Shirley Moore-Smeal, Brian Ritchey, J. Rivello, Michael Rowe, J. Schneck, Bobbi Jo Solomon, Jamie Sorber, Michael Wenerowicz, and John Wetzel.

[2] The Panel previously determined that the facts and legal arguments were adequately presented in the briefing and dispensed with oral argument in this matter under Panel Rule 11.1(c). *See* Order Dispensing With Oral Argument, MDL No. 3085, Doc. No. 14 (J.P.M.L. Sept. 12, 2023).

transfer the Eastern District of Pennsylvania action to the Middle District of Pennsylvania under § 1404.  Even if such a motion were denied, informal coordination seems eminently feasible, particularly given that defendants in both actions are represented by the PADOC Office of General Counsel and the actions are pending in adjacent districts in Pennsylvania.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton             Roger T. Benitez
Dale A. Kimball             Madeline Cox Arleo

**IN RE: PENNSYLVANIA DEPARTMENT OF CORRECTIONS
INMATE CONFINEMENT LITIGATION**                    MDL No. 3085

## SCHEDULE A

Eastern District of Pennsylvania

MOODY v. HARRY, ET AL., C.A. No. 2:23−00770

Middle District of Pennsylvania

MOODY v. WETZEL, ET AL., C.A. No. 3:18−00053